UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAK PROPERTY HOLDINGS,
INC.,

    Plaintiff,

v.                                      Case No.:  2:23-cv-417-SPC-KCD

INDEPENDENT SPECIALTY
INSURANCE COMPANY and
CERTAIN UNDERWRITERS AT
LLOYD'S LONDON,

    Defendants.
_____/

## ORDER

Defendants Independent Specialty Insurance Company and Certain Underwriters at Lloyd's of London move to compel arbitration of this insurance dispute. (Doc. 13.)[1] Plaintiff DAK Property Holdings, Inc. responded (Doc. 18), making this matter ripe. For the reasons below, Defendants' motion is granted.

## I. Background

DAK claims it submitted an insurance claim for hurricane damage that Defendants will not pay. To recover the funds allegedly owed, DAK filed this suit for breach of contract under Florida law. (Doc. 5.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The parties' insurance contract contains an arbitration provision:

> All matters in difference between an insured and the Insurer (hereinafter referred to as "the Parties") in relation to this insurance, including its formation, validity, and the arbitrability of any dispute, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. This Arbitration Clause applies to all persons or entities claiming that they are entitled to any sums under the policy, including, but not limited to, additional insureds, mortgagees, lender's loss payees, assignees, and/or lienholders.

(Doc. 13 at 3.) The agreement elsewhere provides that the arbitration tribunal "may not award exemplary, punitive, multiple or other damages of a similar nature." (*Id.* at 4.) And arbitration is to occur in New York, applying New York law. (*Id.*)

According to Defendants, DAK's breach of contract claim falls under the arbitration clause. They thus seek an "order compelling arbitration" and staying this case until such proceedings conclude. (Doc. 13 at 25.) DAK, for its part, wants to litigate in this forum. It says, "the mandatory arbitration provision and the delegation language are unenforceable, null and void, [and] inoperative or incapable of being performed." (Doc. 18 at 1-2.)[2]

---

[2] DAK's brief is not paginated. Reference is thus made to the page numbers generated in the Court's electronic filing system.

2

## II. Discussion

Because one of the parties is a foreign entity, Defendants move for relief under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (*See* Doc. 13 at 5.) It requires a district court to order arbitration if an international arbitration clause falls within its coverage. *See* 9 U.S.C. § 201; *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). As the Supreme Court has explained, there is a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). And this this policy "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

"In deciding a motion to compel arbitration under the [Convention], a court conducts a very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The Eleventh Circuit has established a rather straightforward framework for this analysis. First, "four jurisdictional prerequisites" must be satisfied to trigger the Convention: (1) an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2021).

As best the Court can tell, DAK is not disputing these elements. Nor could it. The pertinent insurance policy establishes a commercial legal relationship and contains an expansive arbitration agreement. Arbitration is to be seated in the United States, who is a participant to the Convention. And at least one defendant (Lloyd's of London) is foreign entity. Nothing more is required. *See, e.g.*, *VVG Real Est. Invs. v. Underwriters at Lloyd's, London*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018).[3]

Once the four jurisdictional factors are satisfied, as here, the district court is required to compel arbitration unless an affirmative defense applies. The only available defenses are provided in the Convention itself—the arbitration agreement is "null and void, inoperative or incapable of being performed." *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 546 (11th Cir. 2016). This is where DAK takes aim, claiming the insurance contract hits all three categories. (*See* Doc. 18 at 4 ("Multiple, independent grounds exist at law and equity for the revocation of the mandatory arbitration agreement contained in the Policy, rendering the arbitration agreement null and void, inoperative, or incapable of being performed.").) DAK's arguments are addressed in turn. *See Les Bijoux Grp., LLC v. Van Cleef & Arpels, Inc.*, No. 20-CV-80124, 2020 WL

---

[3] Neither is DAK disputing that the claims brought in this case fall under the arbitration agreement. But even if there were an argument on this point, Defendants are right that the dispute is arbitrable. The parties' agreement provides that they must arbitrate "all matters in difference" between them. The Court "agrees that all means just that—all." *5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020).

4

13388310, at *2 (S.D. Fla. Apr. 23, 2020) ("[T]he party opposing arbitration . . . has the burden to prove that an affirmative defense applies.").

### 1. Choice of Law Provision

As mentioned, the parties' agreement says arbitration is to proceed in New York using New York law. This is problematic, according to DAK, because "application of New York law . . . result[s] in diminished remedies available to [it]." (Doc. 18 at 7.) Among other things, DAK will lose its right to pursue punitive damages and attorney fees, which are both otherwise allowed under Florida law. (*Id.* at 9.) DAK also claims the choice-of-law provision stems from unequal bargaining power, making it "unreasonable or unjust." (*Id.* at 10.) Thus, DAK submits these issues render the arbitration agreement unenforceable as a matter of "public policy." (*Id.*)

These argument get DAK nowhere. The Eleventh Circuit has held that a challenge to the enforceability of an arbitration agreement on grounds it limits the remedies available is not a defense under the Convention. *Suazo*, 822 F.3d at 547. Nor is DAK's public policy claim a basis to avoid arbitration. *See Les Bijoux Grp., LLC v. Van Cleef & Arpels, Inc.*, No. 20-CV-80124, 2020 WL 13388310, at *4 (S.D. Fla. Apr. 23, 2020) ("[A] party cannot raise [a] policy defense at th[e] initial arbitration-enforcement stage."). Simply put, unconscionability (no matter its form) is not an affirmative defense under the Convention. And that is all DAK presents with its first argument. *See, e.g.*,

*KDH Architecture Inc. v. Certain Underwriters at Lloyd's, London*, No. 19-60307-CIV, 2019 WL 5260266, at *3 (S.D. Fla. July 25, 2019) (rejecting argument that arbitration agreement was unenforceable because it "required the arbitration to take place in New York and to apply New York law"); *see also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1277 (11th Cir. 2011).

### 2. Florida Law

Next up, DAK claims that Florida law controls enforceability of the arbitration agreement. (Doc. 18 at 10-12.) And under Florida law, the parties' agreement is void because "[t]he limitations of remedies provisions in paragraphs 4 and 5 . . . violate public policy." (*Id.* at 12.)

Two problems. First, Florida law does not control the question of enforceability. "The Convention must be enforced according to its terms over all prior inconsistent rules of law." *Goshawk Dedicated v. Portsmouth Settlement Co. I*, 466 F. Supp. 2d 1293, 1304 (N.D. Ga. 2006). "The limited defenses allowed [under the Convention are] that the agreement is null and void, inoperative, or incapable of being performed." *Cornfeld Grp., LLC v. Certain Underwriters at Lloyd's, London*, No. 21-62510-CIV, 2022 WL 2302123, at *4 (S.D. Fla. June 27, 2022); *see also Lathan v. Carnival Corp.*, No. 08-23002-CIV, 2009 WL 6340059, at *2 (S.D. Fla. Apr. 9, 2009) ("[S]tate-law principles of unconscionability do not fit within the limited scope of defenses allowed by the Convention."). Second, as mentioned already, public policy is

6

not a viable defense "at the arbitration-enforcement stage." *Suazo*, 822 F.3d at 552; *see also Simon v. Princess Cruise Lines, Ltd.*, No. CV G-13-0444, 2014 WL 12617820, at *3 (S.D. Tex. May 19, 2014).

### 3. Preemption

Moving on, DAK turns to preemption. (Doc. 18 at 13-19.) Citing the McCarran-Ferguson Act, DAK argues that federal law cannot "overturn state statutes regulating insurance." (*Id.* at 13.) Thus, the Convention must yield to the extent it conflicts with Florida's treatment of arbitration agreements in insurance contracts. And for several reasons (including those above), Florida law prohibits the arbitration clause here. (*Id.* at 15-19.)

Wrong again. The McCarran-Ferguson Act applies only to arbitration agreements within the United States. It has no effect on an international arbitration agreement that the Convention governs. Put simply, "the Convention supersedes the McCarran-Ferguson Act." *Goshawk Dedicated*, 466 F. Supp. 2d at 1304; *see also Lloyds Underwriters v. Netterstrom*, 17 So. 3d 732, 737 (Fla. Dist. Ct. App. 2009) ("The Federal Arbitration Act must give way to contrary provisions of state laws regulating the business of insurance but, to the extent that the Act incorporates an agreement the United States made with other nations, it prevails over state laws."). The parties' agreement provides a Florida corporation with insurance coverage by a foreign entity, thus constituting foreign commerce outside the purview of the McCarran-

Ferguson Act. With that being the case, there is no basis to argue that Florida law (through the McCarran-Ferguson Act) prohibits the Convention from controlling this dispute. *See also Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd.*, No. 02-22196-CIV., 2002 WL 32075793, at *3 (S.D. Fla. Oct. 31, 2002).

### 4. Injunction

DAK's final argument asks the Court to issue a preliminary injunction that prohibits Defendants from "appointing an arbitrator . . . [or] pursuing . . . arbitration in any manner while this lawsuit is pending." (Doc. 18 at 19.) This relief is warranted, according to DAK, because it has shown "a substantial likelihood of success on the merits [based on] the law and facts as detailed and argued above." (*Id.* at 20.) In other words, an injunction should issue because DAK has proven the arbitration agreement is void and unenforceable.

Injunctive relief is neither available nor appropriate here. For starters, DAK's request is procedurally deficient. A demand for relief generally must be made by a standalone motion. *See* Fed. R. Civ. P. 7(b)(1). When a party seeks relief imbedded in a response or reply, as here, "the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). Even setting that aside, DAK's arguments against the arbitration clause have all been rejected. There is thus no basis to enjoin the arbitration from moving forward.

8

### III. Conclusion

All four factors needed to compel arbitration pursuant to the Convention are satisfied in this case, and DAK has not shown that the parties' agreement is "null and void, inoperative or incapable of being performed." As a result, the Court is required to order arbitration.

Having found that arbitration is appropriate, there is the lingering question of what should happen with this case. Defendants move to dismiss, or alternatively, enter a stay. "The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action." *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-CV-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014). Accordingly, the Court will follow suit.

It is thus **ORDERED**:[4]

    1. Defendants' Motion to Compel Arbitration (Doc. 13) is **GRANTED**.

    2. If no objections to this Order are filed within the time allotted under Fed. R. Civ. P. 72, the parties are required to arbitrate this dispute in accordance with their agreement.

---

[4] Because a motion to compel arbitration does not address the merits of the dispute but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation. *See Soriano v. Experian Info. Sols., Inc.*, No. 2:22-CV-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022).

3. If no objections to this Order are filed within the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to **ENTER A STAY** and **ADMISTRATIVELY CLOSE THE CASE**.

4. The parties must file a written status report on September 29, 2023, and every 90 days thereafter until arbitration is complete.

5. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

**ENTERED** in Fort Myers, Florida on July 31, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record